THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL
L. MAHONEY, Appellant.

*Indictment for arson — jurors that are not indifferent — testimony of an informer —
corroboration — opening by the district attorney.*

The law permits testimony of an informer to be received, but corroboration is
necessary in order to authorize the conviction thereon of the accused.

Upon the trial of the defendant on an indictment for arson, one juror stated
that he had formed an opinion which was so strong that it would take evi-
dence to remove it, and that he was in doubt as to whether he would give
any credence to an accomplice, even if corroborated; that he would require
strong corroborative evidence; another, that his prejudice was so strong against
informers that he doubted if he would believe an informer, even if corroborated.

*Held*, that these jurors were not indifferent between the People and the defendant.

In opening the case under an indictment for arson the district attorney stated
that the fire in question was one of four, all burning at the same time in the
town of Castleton.

*Held*, that as it was a part of the People's case that the same persons set fire to
all of the buildings so on fire, the opening of the district attorney was not
improper.

APPEAL by the defendant, Daniel L. Mahoney, from a judgment
of the Court of Sessions of the county of Richmond, rendered on
the 10th day of March, 1893, convicting the defendant of the crime
of arson in the third degree.

*Geo. Gallagher* and *W. J. Powers*, for the appellant.

*Thomas W. Fitzgerald, District Attorney*, for the People.

BARNARD, P. J.:

The appeal papers show that the defendant and one Morrison
were jointly indicted for arson in the third degree in Richmond
county; that Mahoney demanded a separate trial, and upon such
trial he was convicted of that offense by the jury.

Morrison was called as a witness by the People. The defend-
ant challenged a juror, Sheldon, who testified that he had formed
an opinion which was so strong that it would take evidence to remove
it, and he spoke very hesitatingly as to whether he would give any
credence to an accomplice, even if he was corroborated. He would

require strong evidence of corroboration. A challenge was made also to one James O'Brien. This juror testified that his prejudice was so strong against informers that he also was uncertain as to whether he would believe an informer, even if corroborated by other witnesses. The challenged jurors were not indifferent between the People and the prisoners. The law permits the testimony of an informer. Corroboration is required. These jurors by their examination satisfied the trial court that even if it were fully corroborated, they would not give the proper effect to the testimony of the People.

The district attorney, in opening, stated that the fire in question was the last of four, all burning at the same time in the town of Castleton. This was not improper. It was a history of the surroundings. It was part of the People's case that the accused set fire to all the buildings so on fire at the same time on the night of December 2, 1892. The accomplice so testified. There was sufficient corroboration of the testimony of the accomplice. The witness Eliza Young places both accused and accomplice at the fire. She tried to put out the fire. The defendant and his accomplice did nothing and were impudent to the witness. Morrison testifies to the fact of Mrs. Young being at the fire as soon as it was started. There is abundant other corroboration to the effect that the defendant and his accomplice were seen together on the night in question, and in the neighborhood of the fires.

The conviction and judgment should be affirmed.

DYKMAN and PRATT, JJ., concurred.

Conviction and judgment affirmed.